UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WARREN PARKS,<br>    Plaintiff, | Case No. 1:21-cv-639 |
| vs | Cole, J.<br>Litkovitz, M.J. |
| HONORABLE BRITTANY COFFMAN,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Putnamville Correctional Facility, has filed a prisoner civil rights action under 42 U.S.C. § 1983 in this Court. On February 1, 2022, plaintiff was ordered to pay the full filing fee or to submit an *in forma pauperis* application and certified copy of plaintiff's prison trust fund account statement within thirty (30) days. (Doc. 2). Plaintiff was advised that "[i]f plaintiff fails to comply with this Order, the Court shall dismiss this case for want of prosecution." (*Id.* at PageID 210).

Plaintiff failed to comply with the Order. Plaintiff has instead filed a notice with "ACCEPTED FOR VALUE" written across the text of the February 1, 2022 Deficiency Order. (Doc. 3). The submission also appears to seek an exemption from paying the filing fee. (*See id.* at PageID 213). However, the undersigned's review of plaintiff's document reveals no basis for concluding that plaintiff has satisfied his obligation to pay the filing fee or that the fee should otherwise be waived or altered. *Cf. Ippolito v. Buss*, 293 F. Supp.2d 881, 883 (N.D. Ind. 2003) ("there is nothing in the language of § 1915(b)(1) suggesting that any prisoner under any circumstance is exempt from paying the full filing fee, nor is there anything in the language of the statute providing this court with the authority to exempt a prisoner from paying the full amount due").

Plaintiff's submission also appears to list his social security number. (*See* Doc. 3 at

PageID 213, 215, 217, 219, 221, 223).

Pursuant to Rule 5.2(a), Fed. R. Civ. P., filing parties shall omit or partially redact personal data identifiers, including social security numbers, from all pleadings, documents and exhibits. Plaintiff is notified that any further documents filed with the Court shall omit personal data identifiers and shall include only the last four digits of social security numbers.

The Clerk of Court is hereby **DIRECTED** to SEAL the above referenced pleading and to REDACT the privacy information from the document submitted by plaintiff for filing with this Court.

The Clerk of Court is further **DIRECTED** to electronically file the redacted version of plaintiff's complaint.

Furthermore, although the Court previously ordered plaintiff to pay the filing fee or move for leave to proceed *in forma pauperi*s, upon review of plaintiff's filing history, plaintiff is precluded from proceeding *in forma pauperis* in this action under 28 U.S.C. § 1915(g).

A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As the Court noted in a prior action filed by plaintiff in this Court:

Plaintiff is prohibited by § 1915(g) from proceeding *in forma pauperis* in this case

2

> because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice for failure to state a claim upon which relief may be granted. *See Parks v. Indiana, et al.*, Case No. 1:08-cv-00358-LJM-WTL (S.D. Ind. Mar. 27, 2008) (Doc. 4) (relying on the following prior dismissals under 28 U.S.C. § 1915A in finding plaintiff had acquired three or more "strikes": *Parks v. Brookville I.G.A.*, Case No. 1:07-cv-1369-DFH-JMS (S.D. Ind. Jan. 24, 2008); *Parks v. Honorable John Williams*, Case No. 1:07-cv-1463-JDT-WTL (S.D. Ind. Nov. 20, 2007 & Dec. 13, 2007); *Parks v. Brookville I.G.A., et al.,* Case No. 1:08-cv-121-LJM-WTL (S.D. Ind. Mar. 4, 2008)). *See also Parks v. Schepper*, No. 1:16-cv-2144-WTL-DML (S.D. Ind. Aug. 16, 2016) (Doc. 4) (denying plaintiff's *in forma pauperis* motion based on "three strikes"). Plaintiff's previous dismissals prevent him from filing this action *in forma pauperis*.

*See Parks v. Coffman*, Case No. 1:19-cv-612 (S.D. Ohio Aug. 1, 2019) (Doc. 2 at PageID 78–79).

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,'

Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff be ordered to pay the full $402 fee ($350 filing fee plus $52 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $402 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/7/2022

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WARREN PARKS,  
    Plaintiff,

vs

HONORABLE BRITTANY COFFMAN,  
    Defendant.

Case No. 1:21-cv-639

Cole, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).