UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WARREN PARKS,

    Plaintiff,

v.

HON. BRITTANY COFFMAN,

    Defendant.

Case No. 1:21-cv-639
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## OPINION AND ORDER

This cause comes before the Court on the Magistrate Judge's Report and Recommendations ("R&R," Doc. 4), filed on March 8, 2022. Plaintiff Warren Parks filed Objections to the R&R on March 21, 2022. ("Objs.," Doc. 6).

For the reasons stated more fully below, the Court **OVERRULES** Parks' Objections (Doc. 6) and **ADOPTS** the R&R (Doc. 4). Consequently, the Court **ORDERS** Parks to pay this Court's $350 filing fee and $52 administrative fee within thirty (30) days, and **NOTIFIES** him that the failure to do so will result in the dismissal of this action. Further, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

## BACKGROUND

Parks is an inmate at the Putnamville Correctional Facility in Greencastle, Indiana. (R&R, Doc. 4, #225). On October 4, 2021, Parks filed his Complaint in the instant matter, asserting claims under 42 U.S.C. § 1983. (Compl., Doc. 1; R&R, Doc. 4, #225).

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner seeking to initiate a civil action must either (1) prepay the required filing fees, or (2) apply to proceed in forma pauperis along with an affidavit and a certified copy of his or her trust fund account statement (or the institutional equivalent thereof). (Deficiency Order, Doc. 2, #210). At the time Parks filed his Complaint, he did neither. (*Id.*). Accordingly, on February 1, 2022, the Magistrate Judge issued a Deficiency Order, where she ordered Parks to either pay the required fees (a $350 filing fee and a $52 administrative fee) or submit an in forma pauperis application with the required documentation. (*Id.*). If Parks failed to do so, the Magistrate Judge stated, then "the Court [would] dismiss this case for want of prosecution." (*Id.* (citing *In re Prison Litigation Reform Act,* 105 F.3d 1131 (6th Cir. 1997)).

Despite the Magistrate Judge's Order, Parks again failed to pay the required fees or submit the necessary in forma pauperis paperwork. Instead, he responded to the Magistrate Judge by sending back multiple copies of the Deficiency Order, with the phrase "Accepted for Value" handwritten over the text and on the backs of the pages, alongside various other details—including Parks' social security number, signature, and a request that the sheets be deposited to the United States Treasury. (*See generally,* Doc. 3).

In response, the Magistrate Judge issued the instant R&R. (Doc. 4). The R&R observes that, under the PLRA, a prisoner is not permitted to proceed in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

2

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (*Id.* at #226 (quoting 28 U.S.C. § 1915(g))). Applying that three-strikes rule here, the Magistrate Judge observed that Parks has previously filed at least three complaints as a prisoner which were dismissed in a manner counting as strikes under § 1915(g). (*Id.* at #227 (citing *Parks v. Coffman*, No. 1:19-cv-612, 2019 WL 3491265, at *1 (S.D. Ohio Aug. 1, 2019))). Accordingly, because Parks does not allege that he is at threat of "imminent danger of serious physical injury," the R&R concludes that § 1915(g) bars him from proceeding in forma pauperis in this matter. (*Id.* at #227–28). And, given that Parks cannot proceed in forma pauperis, the R&R further concludes that the only way for this matter to proceed would be for him to pay the required filing and administrative fees. (*Id.* at #228). Thus, the R&R recommends that the Court order Parks to pay the filing and administrative fees within thirty days, and notify Parks that failure to do so will result in the dismissal of his action. (*Id.*).

After the Magistrate Judge issued the R&R, Parks filed Objections. (Doc. 6). In evaluating those Objections, the Court notes at the outset that they are somewhat difficult to follow. Nonetheless, the Court is able to discern two separate arguments. First, Parks argues that he effectively paid the required filing and administrative fees by returning the Magistrate Judge's Deficiency Order with the term "Accepted for Value" handwritten over the text and on the backs of the pages. Second, in the alternative, Parks argues that he is still permitted to proceed in forma pauperis

3

because the Magistrate Judge has not presented adequate evidence that three of his prior complaints as a prisoner were dismissed in a manner counting as strikes under § 1915(g).[1] The Court addresses each of these arguments below.

## LEGAL STANDARD

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, a litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That being said, here, as noted, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent

---

[1] Parks also appears to raise a third argument in his Objections, stating that "the Court addressing the Living man Parks as a Plaintiff is misleading/Presumption." (Doc. 6, #348). The Court is not sure what this means, and accordingly does not discuss this argument at further length in this Order.

4

standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## LAW AND ANALYSIS

First, Parks argues that the Court should not order him to pay his filing and administrative fees because he has effectively already paid them by returning the Magistrate Judge's Deficiency Order with the phrase "Accepted for Value" handwritten in multiple places. Thus, Parks argues, "[t]he filing fees [were] paid using the HJR [i.e., House Joint Resolution]192 of 1933." (Objs., Doc. 6, #348).

The Court struggles to follow Parks' argument as to how HJR 192 has any application here. As the Eastern District of Michigan has explained, "House Joint Resolution 192 (1933), codified at 31 U.S.C. § 5118, provided for the suspension of the gold standard." *Thompson v. Thompson,* No. 05-CV-73451-DT, 2011 WL 1885768, at *1 (E.D. Mich. May 18, 2011). As the Court understands it, Parks is claiming that, in ending the gold standard and issuing fiat currency, the government essentially took "the people's" gold without compensation. Thus, the government still owes the people, and presumably their descendants (Parks was not alive at the time the government suspended the gold standard), for the fair value of that missing gold. According to Parks, as the government owes him money, he can "pay" the filing fee to the government by writing off an equivalent amount of this pre-existing debt. Suffice to

5

say that, if the Court correctly understands Parks' argument, the Court rejects it as frivolous.

Alternatively, Parks argues that he is still eligible to proceed in forma pauperis because the Magistrate Judge misapplied § 1915(g)'s three-strike rule. Although the Magistrate Judge identified more than three complaints Parks had previously filed that were dismissed in a manner counting as strikes, Parks rejects these findings as "absurd [because] all [the cases cited] in the [R]eport [and] [R]ecommendation[s] are things [the Magistrate Judge] or staff printed off a computer." (Objs., Doc. 6, #350). For the three-strikes rule to apply, Parks argues, the Magistrate Judge must instead present "certified judgments of the Courts." (*Id.*).

Again, the Court is not persuaded. After consulting the dockets of Parks' previous cases, the Court has confirmed that Parks has brought at least three civil actions while incarcerated that were dismissed in a manner counting as "strikes" for the purposes of § 1915(g). *See, e.g.*, *Parks v. Brookville I.G.A.,* 1:07-cv-1369-DFH-JMS (S.D. Ind. Jan. 24, 2008) (dismissing complaint pursuant to 28 U.S.C. § 1915A[2]); *Parks v. Hon. John Williams,* 1:07-cv-1463-JDT-WTL (S.D. Ind. Nov. 20, 2007) (same); *Parks v. Brookville I.G.A.,* 1:08-cv-121-LJM-WTL (S.D. Ind. Mar. 4, 2008) (same). "In the absence of reliable evidence to the contrary, a federal court should presume the accuracy of a court clerk's docket entries." *Berryman v. Neff*, No. 2:13-12403, 2013 WL 4832819, at *1 (E.D. Mich. Sept. 10, 2013) (citing *Arnold v. Wood*,

---

[2] "For purposes of the three-strikes provision of 28 U.S.C. § 1915(g), the district court's dismissal under 28 U.S.C. § 1915A counts as a strike, and the dismissal of this appeal as frivolous counts as a strike." *Stewart v. Crain*, 308 F. App'x 748, 749 (5th Cir. 2009).

238 F. 3d 992, 995 (8th Cir. 2001)). Here, Parks offers no evidence—reliable or otherwise—indicating that these docket entries are inaccurate. Accordingly, the Court agrees with the Magistrate Judge that § 1915(g)'s three-strike rule is satisfied here, and—because Parks does not allege he is "in imminent danger of serious physical injury"—he cannot proceed in forma pauperis in this matter.[3]

## CONCLUSION

For the reasons stated above, the Court **OVERRULES** Parks' Objections (Doc. 6) and **ADOPTS** the R&R (Doc. 4). The Court **ORDERS** Parks to pay this Court's filing and administrative fees (totaling $402) within thirty (30) days, and **NOTIFIES** him that the failure to do so will result in the dismissal of this action. Further, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith.

**SO ORDERED.**

July 29, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[3] Relatedly, Parks also argues that his prior complaints were not civil complaints—rather, he filed "Criminal Complaint[s] under Federal Rules of Criminal Procedure, Rule 3, and Title 18 (USC) Section 4." (Objs., Doc. 6, #350). Again, Parks' argument here is difficult to follow, as "a private individual may not file criminal charges against another person. Criminal proceedings are initiated by a properly authorized prosecutor who acts on behalf of the government and often in coordination with a law enforcement agency." *Joseph v. Clark*, No. 1:20-cv-00986-SEB-DML, 2020 WL 2062339, at *2 (S.D. Ind. Apr. 29, 2020). Thus, even if Parks labeled his complaints as criminal complaints, because he is a private individual, they were appropriately treated as civil complaints—accordingly, their dismissal for failure to state a claim counts toward the § 1915(g)'s three-strike rule.

7