# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| WARREN PARKS,<br>　　　Plaintiff, | Case No. 1:21-cv-639 |
| vs | Cole, J.<br>Litkovitz, M.J. |
| HONORABLE BRITTANY COFFMAN,<br>　　　Defendant. | **REPORT AND<br>RECOMMENDATION** |

On July 29, 2022, the Court denied plaintiff's motion to proceed *in forma pauperis* in this matter pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) and ordered plaintiff to pay the $402.00 filing and administrative fees within thirty (30) days. (Doc. 7). Plaintiff was notified that the failure to pay the full filing fee within thirty days would result in the dismissal of this action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

Plaintiff filed a notice of appeal on August 15, 2022. (Doc. 8). On October 28, 2022, the United States Court of Appeals for the Sixth Circuit dismissed plaintiff's appeal for want of prosecution. (Doc. 11).

To date, more than thirty (30) days after the dismissal of plaintiff's appeal, plaintiff has failed to pay the $402.00 filing and administrative fees in this matter as ordered by the Court. Accordingly, this case should be dismissed for plaintiff's failure to pay the filing and administrative fees. *In re Alea*, 286 F.3d at 382. Plaintiff remains liable for and should be assessed the full filing fees of $402.00. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). *See also In re Alea*, 286 F.3d at 382.

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be dismissed for plaintiff's failure to pay the full filing fees as ordered by the Court.

2. Plaintiff be assessed the full filing fees of $402.00.

3. The Clerk of Court be **DIRECTED** to mail a copy of any Order adopting this Report and Recommendation, along with the attached instructions, to the Cashier of the Putnamville Correctional Facility in Greencastle, Indiana, and that the Cashier be directed as follows:

> The prison's Cashier shall deduct, and forward to the Clerk of Court, 20% of the preceding month's income credited to plaintiff's account each time the amount in the account exceeds $10.00 until the full fee has been paid.[1]

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore*, 114 F.3d 601.

Date: 12/2/2022

Karen L. Litkovitz
United States Magistrate Judge

---

[1] The prison cashier's office shall not send payments aggregating more than the amount of the full fee.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WARREN PARKS,<br>    Plaintiff, | Case No. 1:21-cv-639 |
| vs | Cole, J.<br>Litkovitz, M.J. |
| HONORABLE BRITTANY COFFMAN,<br>    Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).