UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WARREN PARKS,

    Plaintiff,

  v.

HONORABLE BRITTANY COFFMAN,

    Defendant.

Case No. 1:21-cv-639

JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER

Magistrate Judge Litkovitz's Report and Recommendation (R&R, Doc. 12) is before the Court in connection with the Court's previous Order (Doc. 7) warning Parks that he must pay the filing and administrative fees of this action, and that failing to do so within thirty days would result in its dismissal. After more than four months passed without payment, the Magistrate Judge entered the R&R, consistent with this Court's Order, recommending that the Court dismiss the action for failure to prosecute and order that Parks be assessed $402.00 for the unpaid filing and administrative fees to be paid out of his prison trust account. (Doc. 12, #412–13).

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that review extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter

to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up). But if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Here, Parks objected—three times. (Docs. 13, 14, 15). He also filed an "Affidavit of Truth." (Doc. 16). The objections are largely unintelligible and consist of the kind of "meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans." *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases). The only potentially responsive "objection" to the R&R is Parks' claim that he actually did pay. (Doc. 15, #478). But his further explanation dooms that argument. He claims that he "paid this Court, in a bond which is legal." (*Id.*). And says that "[t]he Court don't [sic] like the payment and that just [sic] too bad." (*Id.*). His reference to "bond" refers to some theory arising under House Joint Resolution 192, pursuant to which he claims he can write off debts like the one here, based on the government's suspension of the gold standard and issuance of fiat currency under President Franklin D. Roosevelt. (Doc. 13, #423; Doc. 16, #491–95). Among a host of problems, that is the same argument that he previously made (Doc. 6, #349–51) and that this Court previously rejected (Doc. 7, #363–364). The argument has not improved with age. In line with the Court's warning in its previous Order, Parks' failure to pay[1] warrants a dismissal of this case.

---

[1] Even as of today, he has yet to pay the required fees.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 12), **OVERRULES** Parks' Objections (Docs. 13, 14, 15, 16),[2] and **DISMISSES WITHOUT PREJUDICE** the Complaint (Doc. 1) for failure to prosecute. As Plaintiff is still obligated to pay the full filing and administrative fees of $402.00, *In re Alea*, 286 F.3d 378, 381–82 (6th Cir. 2002), the Court **DIRECTS** the Clerk of Court to mail a copy of this Order and the Report and Recommendation (Doc. 12) to the Cashier of the Putnamville Correctional Facility in Greencastle, Indiana. The Court **DIRECTS** the Cashier as follows: The prison's Cashier shall deduct, and forward to the Clerk of Court, 20% of the preceding month's income credited to Plaintiff Warren Parks' account each time the amount in the account exceeds $10.00, until the full fee has been paid. 28 U.S.C. § 1915(b)(2). The Court further **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

November 6, 2023
**DATE**

                              **DOUGLAS R. COLE**
                              **UNITED STATES DISTRICT JUDGE**

---

[2] While Parks denominated his filing docketed on June 8, 2023, an "Affidavit of Truth," the Court deems it an additional objection to the R&R because in the filing, Parks objects to the R&R's conclusion "that [he] can't use [his fanciful] exemption/Remedy per HJR 192 of 1933 public policy" to pay the fees required to maintain this suit. (Doc. 16, #494).